# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PANFILO SALINAS-ALVARADO,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>JEFF WRIGLEY, Warden,<br><br>　　　　　　Respondent.<br>_____/ | 1:07-CV-00457 OWW DLB HC<br><br>FINDINGS AND RECOMMENDATION CONSTRUING RESPONDENT'S MOTION TO DISMISS AS ANSWER TO PETITION AND RECOMMENDING PETITION FOR WRIT OF HABEAS CORPUS BE DENIED<br><br>[Doc. 13] |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

In the instant petition, Petitioner challenges the finding of a prison disciplinary violation following an incident which occurred on May 16, 2006.

Respondent filed a motion to dismiss the petition on August 17, 2007. Petitioner did not file a response.

Pursuant to the Court's order of May 3, 2007, the Court directed Respondent to file an "ANSWER" addressing the merits of the petition. (Court Doc. 6.) Respondent has essentially filed an answer addressing the merits, however, it is styled and was docketed as a "motion to dismiss" the petition. (*See* Court Doc. 6.) Therefore, the Court construes Respondent's motion to dismiss as an answer to the petition.

////

1

# DISCUSSION

## I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner's claims for relief arise out of a disciplinary hearing. Petitioner is confined at the Taft Correctional Institution in Taft, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

## II. Review of Petition

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).

Other than challenging the sufficiency of the evidence, Petitioner contests only that he was not given the opportunity to present the testimony of fellow inmate Angel Moreno Vallejo. (Petition, at 3b-3c.) Petitioner submits a declaration by inmate Vallejo, in which he declares that "[o]n May 16, 2006, at approximate [sic] 10:35 am, I was in my assigned cubicle awaiting for the count with my cellmate Panfilo Salinas. [¶] That during the count he started to scratch his inner thigh of the right leg. [¶] That he is been [sic] scratching that part of his body for an extended period of time due to a rash. [¶] At no time I observed inmate Salinas to expose or develop any activity in relation to his penis or malicious observance towards the female officers during the count time on May 6, 2006. [¶] At all time during the count on May 6, 2006, inmate Salinas and me were involved in an obsolete conversation of the prison activities. As stated above, he was scratching for about 30 seconds during count." (Declaration of Angel Moreno Vallejo, Exhibit A, attached to Petition.)    During the disciplinary hearing on June 1, 2006, Petitioner did not request the attendance of any witnesses. (Discipline Hearing Officer Report, unenumerated attachment to Petition, at p. 1 of 3.) Petitioner denied the charges stating, "I was just scratching. I wasn't doing anything wrong." (Id.) By Petitioner's own admission, he did not request that inmate Vallejo be present at the hearing, and he only "implicitly" requested inmate Vallejo's testimony during the hearing by stating that he could corroborate his version of the events. (*See* Petition, at p.3b-3c.) It is not disputed that Petitioner was given advance written notice of the hearing on May 16, 2006 (id), and it was incumbent upon Petitioner to explicitly request the attendance of any and all witnesses, including inmate Vallejo, at his disciplinary hearing. Moreover, as Respondent submits, Petitioner does not explain why inmate Vallejo could not have submitted *then* the statement offered *now* in support of his petition.

The evidence presented at the disciplinary hearing constituted "some" evidence sufficient to satisfy the due process requirement of Hill. The Disciplinary Hearing Officer (DHO), relied on the incident report written by Female Officer D. Allison which stated "that on 05-16-2006 at 1035, she was conducting a standing count in A2B. While walking by your cubicle, she observed you with an obvious erect penis under your pants. You had your erect penis in your right hand rubbing it back and forth while making eye contact with her. You did

3

not stop rubbing your penis with your right hand. You were rubbing your penis in a sexual manner." (Discipline Hearing Officer Report, unenumerated attachment to petition, at p. 2.) Next, the DHO cited from Female Officer Etheredge's report which stated "on 05-16-2006 at approximately 1035, she was assisting Officer Allison with count. She observed you letting go of your clothed, erect penis after Officer Allison passed by your cubicle then re-grab your clothed erect penis again as you made eye contact with Officer Etheredge as she was passing your cubicle." (Id.) The DHO noted and considered Petitioner's statement that he did not do anything wrong. (Id.) The DHO concluded based on the greater weight of the evidence that Petitioner was guilty of engaging in sexual acts. (Id.) Specifically, the DHO noted that staff members clearly observed Petitioner rubbing his penis as the female officers walked by, making direct eye contact with the officers, and he had an obvious erection. (Id.) The DHO considered Petitioner's statement that he was simply scratching his inner thigh area which was later confirmed by medical to be an infection; however, the DHO concluded that "the greater weight of the evidence support[ed] the finding that you committed the prohibited act of Engaging in Sexual Acts with another, code 205." (Id.) Specifically, the DHO stated, "Although your medical condition was validated by medical, this does not explain why you had an erection, why you were only doing it while looking at the female officers, and why you were rubbing your penis and not your leg. Because of this, your denial has no credibility." (Id.) In ascertaining whether the standard of "some evidence" has been satisfied this Court does not independently assess the credibility of the witnesses or weigh the evidence; rather, the only "relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-456. Based on the foregoing, there is "some evidence" to support the finding of guilt, and Petitioner's claim should be denied.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be DENIED; and
2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendations is submitted to the assigned United States District

1 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
2 the Local Rules of Practice for the United States District Court, Eastern District of California.
3 Within thirty (30) days after being served with a copy, any party may file written objections with
4 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
5 Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
6 and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
7 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
8 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
9 may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
10 Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 28, 2007**              **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE